COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


CATHERINE D. GIBBS

                                    MEMORANDUM OPINION*
v.    Record No. 2161-99-4              PER CURIAM
                                       MARCH 7, 2000
JAMES C. GIBBS


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Kathleen H. MacKay, Judge

          (Judith M. Bragan, on brief), for appellant.

          (Cary S. Greenberg, on brief), for appellee.


     Catherine D. Gibbs (wife) appeals the decision of the circuit

court denying her motion to suspend the final decree of divorce

entered August 16, 1999.  The decree affirmed, ratified, and

incorporated, but did not merge, a Marital Settlement Agreement

signed by wife and James C. Gibbs (husband), with the assistance

of their respective counsel, on August 13, 1999.  On appeal, wife

contends that the trial court abused its discretion in denying her

motion because she presented evidence that she was not competent

at the time she signed the marital settlement agreement.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Wife contends that, because she took prescription sedatives pursuant to a doctor's instructions beginning August 12, 1999, she was not competent on August 13, 1999 to sign the marital agreement.  "Marital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law and such will be enforced unless their illegality is clear and certain."  Cooley v. Cooley, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980).  As the party seeking to set aside the decree, wife bore the burden to present sufficient evidence to prove that she was incompetent at the time she signed the agreement.

The record demonstrates that wife and husband appeared in court on August 13, 1999.  The trial court entered an order that day setting out certain stipulations and agreements of the parties.  Later that day, counsel for both parties conducted further negotiations on the proposed marital agreement, culminating in a final agreement.  The parties executed the agreement that evening, initialing each page.  Counsel also endorsed without exception the proposed final decree, which was entered on August 16, 1999.

During the September 10, 1999 hearing on wife's motion to suspend entry of the final divorce decree, wife's new counsel presented an affidavit from a psychiatrist indicating that he

-

prescribed a sedative for wife on August 12.[1]  A letter to wife from the psychiatrist attached to the affidavit indicated that wife took the prescribed medication.  Wife presented no other evidence concerning her competency on August 13, 1999.  Her counsel acknowledged that there was no issue of fraud in connection with the execution of the agreement.

The trial court ruled that wife failed to demonstrate that she was incompetent to enter into the marital agreement on August 13, 1999.  The court further noted that the terms of the agreement were not so unfavorable to wife that it demonstrated she was incompetent.

Based upon our review of the record, we find neither clear factual error nor abuse of discretion in the trial court's decision.  Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>

---

[1] Husband objected to the admission of the affidavit into evidence because he had no opportunity to cross-examine the affiant.

-